IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAHS-ROLSTON PAVING CORPORATION | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 05-CV-5082 |
| AMMANN & WHITNEY PENNSYLVANIA, INC. | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM OPINION & ORDER

GOLDEN, J.                                                                                           AUGUST 14, 2007

      Before the Court is defendant's motion to dismiss the tortious interference with contractual relations, misrepresentation, and punitive damages claims of plaintiff's Amended Complaint for failure to state a claim.  The Court will deny the motion for the reasons that follow.

## BACKGROUND

      This dispute arises between two parties working together to build a bridge across the Delaware River.  The Pennsylvania Department of Transportation ("PennDOT") awarded a contract to build the bridge to plaintiff, and plaintiff subcontracted with defendant to design the bridge.  The bridge is now several years late under plaintiff's contract with PennDOT, and PennDOT is seeking liquidated damages against plaintiff.  Plaintiff alleges that its difficulties in completing the bridge are due in large part to defendant's failure to deliver a proper design plan on time.  On June 28, 2007, the Court granted plaintiff leave to file an Amended Complaint, which alleges that, in addition to delivering an untimely and deficient design plan, defendant

deliberately chose not to respond to complaints from PennDOT to plaintiff's detriment. The tortious interference, misrepresentation, and punitive damages claims that defendant now attacks stem from the new allegations.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows courts to screen out cases "where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999). The Third Circuit Court of Appeals instructs that "the complaint will withstand a Fed. R. Civ. P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery." Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 124-25 (3d Cir. 1998). In deciding a motion to dismiss, a court is required to accept all of the plaintiff's factual allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Thus, a court should grant a motion to dismiss only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). In resolving a motion to dismiss, the court must primarily consider the allegations contained in the complaint, although matters of public record, orders, and exhibits attached to the complaint may also be considered. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).

## ANALYSIS

1.  **Tortious Interference With Contractual Relations**

Plaintiff alleges that defendant's conscious decision not to answer PennDOT's complaints

amounts to tortious interference with the contract between plaintiff and PennDOT.  Defendant argues that plaintiff's tortious interference claim is premised on a "hindrance" theory of liability that Pennsylvania has not adopted.  The Amended Complaint does not specify its theory of recovery in such terms, and although there is some argument that plaintiff's claim is based on a hindrance theory, there is also an argument that the claim is based on an "inducement" theory of liability, under which defendant is alleged to have induced PennDOT to take adverse commercial action against plaintiff.  Pennsylvania has adopted an "inducement" theory of liability.  Adler, Barish, Daniels, Levin & Creskoff v. Epstein, 393 A.2d 1175, 1183 (Pa. 1978).  Because this issue is before the Court on a Rule 12(b)(6) motion, the Court must make all inferences in plaintiff's favor, Menkowitz, 154 F.3d at 124-25, and will assume, as plaintiff argues in its response to the motion, that plaintiff intends to proceed on an inducement theory.

     A cause of action for tortious interference with contractual relations must contain the following elements:  (1) the existence of a contractual or prospective contractual relationship; (2) purposeful action intended to harm the existing contractual relationship or prevent the prospective relationship; (3) absence of a privilege or justification for the purposeful action; and (4) actual legal damage resulting from the purposeful action.  See, e.g., CGB Occupational Therapy v. RHA Health Servs., Inc., 357 F.3d 375, 384 (3d Cir. 2004).  The Amended Complaint pleads each element: the existence of a contractual relationship, Amd. Compl. at ¶ 10; purposeful action intended to harm that relationship, Amd. Compl. at ¶¶ 18-20, 40-41; absence of a privilege or justification, Amd. Comp. at ¶ 42; and resulting legal harm, Amd. Compl. at ¶ 43.  Plaintiff may thus proceed on this count.

**2.    Misrepresentation**

Plaintiff asserts a misrepresentation claim arising from defendant's failure to disclose that it had decided not to respond to PennDOT's complaints.  Defendant argues that plaintiff's misrepresentation claim should be dismissed because it is in essence a fraud claim that does not contain the particularity Federal Rule of Civil Procedure 9(b) requires, asserting that plaintiff must specify which fraudulent statements plaintiff relied on and who made them.  As plaintiff points out, however, the misrepresentation complained of here involves failure to disclose information, thus making any pleading of statements relied upon impossible.

A fraud claim requires that a plaintiff show:  (1) a misrepresentation; (2) material to the transaction; (3) made falsely with at least reckless knowledge as to its truthfulness; (4) with the intent of misleading another; (5) reasonable reliance on the statement; and (6) injury proximately caused by the reliance.  See, e.g., Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994).  The representation relied upon need not be an affirmative statement, Prime Bldg. Corp. v. Itron, Inc., 22 F. Supp. 2d 440, 446 (E.D. Pa. 1998), and may thus be failure to disclose information, as alleged here.  Gibbs, 647 A.2d at 889 n.12.  The Amended Complaint contains allegations that Defendant knowingly made a false material misrepresentation that plaintiff reasonably relied on to its detriment.  See Amd. Compl. at ¶¶ 15-20, 46-50.  The misrepresentation claim may therefore go forward.

**3.    Punitive Damages**

Plaintiff asserts that defendant's intentional decision not to respond to PennDOT's complaints gives rise to a claim for punitive damages.  Defendant argues that plaintiff has not plead factual allegations sufficient to support a punitive damages claim.  Punitive damages are

available when a party's conduct is outrageous, meaning actions taken "with a bad motive or with a reckless indifference to the interests of others." See, e.g., Smith v. Brown, 423 A.2d 743, 745 (Pa. Super. Ct. 1980) (internal citations omitted).  Punitive damages are available under Pennsylvania law for tortious interference with contract, SHV Coal, Inc. v. Cont'l Grain Co., 587 A.2d 702, 705 (Pa. 1991), and fraud.  Bankers Trust Co. v. Dukes, 1997 WL 727616, at *6 (Nov. 21, 1997).

      Plaintiff has accused defendant of taking willful and reckless actions, Amd. Compl. at ¶¶ 37, 44, 51, on the basis of a "conscious decision" not to disclose errors on their part that they knew were "critically impacting" plaintiff's contract with a third party.  Amd. Compl. at ¶¶ 18-20.  The Amended Complaint thus pleads the outrageous conduct necessary to support a punitive damages award.  Whether or not plaintiff's punitive damages claim will survive a less deferential standard of review, however, remains to be seen.  See, e.g., Montgomery v. Mitsubishi Motors Corp., 2006 WL 1030272, at *4 (E.D. Pa. Apr. 19, 2006) (dismissing punitive damages claim on summary judgment).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FAHS-ROLSTON PAVING CORPORATION | : : : | |
| Plaintiff | : : | CIVIL ACTION |
| vs. | : : : | NO. 05-CV-5082 |
| AMMANN & WHITNEY PENNSYLVANIA, INC. | : : : | |
| Defendant | : | |

**ORDER**

AND NOW, this 14th day of August, 2007, after consideration of Defendant's Motion to Dismiss (Document No. 46) and plaintiff's response thereto, it is hereby ORDERED that Defendant's motion is DENIED.

IT IS FURTHER ORDERED that Defendant shall file an Answer to the Amended Complaint within ten days of the date of this Order.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.